IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE E. MEULI,

        Plaintiff,

v.                                                         Case No. 13-cv-1114-JTM-KGG

COMMISSIONER OF IRS,
UNITED STATES OF AMERICA,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant United States of America's combined Motion to Dismiss Counts 1–6 and 8–24, and for Summary Judgment on Count 7 (Dkt. 30). The court also has before it plaintiff Meuli's Motion for Default Judgment (Dkt. 28) and Motion to Award Actual Damages and Court Costs (Dkt. 34). After reviewing the parties' briefs and the evidence submitted with them, the court grants the defendant's motion and denies the plaintiff's motions for the following reasons.

**I. Uncontroverted Facts**

Plaintiff Gene E. Meuli is a citizen of Salina, Kansas. Meuli did not file a timely tax return for tax year 2002. On August, 28, 2006, the IRS asserted a total of $27,640.21 in tax, interest, and penalties against him. In 2008, Meuli sent the IRS a signed and dated Form 1040 income tax return for the 2002 tax year. The return reported an overpayment of $2,134. Thus, Meuli sought to recover the surplus amount in taxes that he claimed was withheld from his income during the 2002 tax year.

Meuli included an "Affidavit" with the Form 1040 he submitted to the IRS. In it, Meuli declared that his income was not taxable because: (1) he is a citizen of the State of Kansas, but has never been a citizen or resident of any federal district, or any federal state, enclave, or territory; (2) he is a private-sector individual; (3) he has never been an "employee," as defined in 26 U.S.C. § 3401(c), who earned "wages," as defined in 26 U.S.C. § 3401(a), that were paid to him by an "employer," as defined in 26 U.S.C. § 3401(d); (4) he has never been engaged in a "trade or business," as defined in U.S.C. § 7701(a)(26); (5) he has never been a government agent, officer, or contractor, nor received any government privilege; (6) he has no federally connected earnings, privileges, or authority; and (7) any taxes on his earnings would have to be classified as a direct tax, prohibited under the U.S. Constitution.

On March 1, 2010, the IRS assessed a $5,000 penalty against Meuli, citing his Form 1040 tax return as "frivolous." He paid the penalty in full within a month. Subsequently, Meuli filed suit in the U.S. District Court for the District of Kansas, asking the court for relief under 26 U.S.C. § 7433. *Meuli v. United States*, No. 11-1044-RDR, 2011 WL 2650355, at *1 (D. Kan. July 6, 2011). The court dismissed the action, finding the United States did not waive sovereign immunity because Meuli had not filed a Claim for Refund with the IRS. *Id*. at *2–5.

After the court dismissed his claim, Meuli filed a Form 843 Claim for Refund with the IRS claiming, among other things, that wages are not taxable under Art. 1, Section 9, Clause 4 of the federal Constitution. On December, 12, 2011, the IRS assessed

2

another $5,000 frivolous filing penalty against Meuli, citing the frivolous claims set forth in his Form 843 Claim for Refund. Meuli has not fully paid this penalty.

Meuli filed this action pro se, improperly naming the Commissioner of the Internal Revenue Service as the defendant. The court allowed Meuli to amend the complaint to name the United States as the proper defendant. This case is before the court upon the government's combined motion to dismiss and motion for summary judgment.

## II. Motion to Dismiss and for Summary Judgment

*A. Legal Standard*

The government moves the court to dismiss Meuli's claims pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Regarding motions alleging a lack of jurisdiction under Rule 12(b)(1), it is well-settled that the plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the case should not be dismissed. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002). Plaintiff must sustain the burden of alleging facts which show jurisdiction and supporting those facts with competent proof. *Id.* at 797–98. "Mere conclusory allegations of jurisdiction are not enough." *Id.* at 798 (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570

3

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977).

The government also seeks summary judgment on Meuli's claims that relate to the 2010 penalty. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of showing an absence of a genuine dispute of material fact falls upon the moving party. *Adler v Wal-Mart Store, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant. A*nderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In ruling on a motion for summary judgment, the court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Sierra Club v. El Paso Gold Mines, Inc.*, 421 F.3d 1133, 1150 (10th Cir. 2005). In making this determination, the court must construe all the

facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party. *Worrell v. Henry*, 219 F.3d 1197, 1204 (10th Cir. 2000).

In its analysis, the court must bear in mind that Meuli is a pro se litigant. A pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the plaintiff's pleadings can be reasonably read to state a valid claim on which they could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements. *Id*. But, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

*B. Analysis*

The court notes that Meuli is challenging the two penalties assessed against him in 2010 and 2011. However, the counts listed in Meuli's complaint do not clearly state which penalty they are challenging. The government moves to dismiss the claims to the extent they refer to the 2011 penalty, and it seeks summary judgment to the extent the claims refer to the 2010 penalty. Ultimately, this distinction is inconsequential because all of Meuli's claims are frivolous, regardless of the penalty they challenge and regardless of whether the court analyzes them under a motion to dismiss or summary judgment standard.

For a tax return to be frivolous under 28 U.S.C. § 6702, the return must be facially incorrect or its correctness must be unascertainable, and it must be based on a position which the Secretary has identified as frivolous under I.R.C. § 6702(c) or reflect a desire to delay or impede the administration of Federal tax laws. *Schlabach v. United States*, 101 Fed. Cl. 678, 683 (2011). Section 6702(c) states that the IRS "shall prescribe (and periodically revise) a list of positions" that are frivolous. The most recent list released by the IRS, Notice 2007-30, lists the following actions as frivolous: (1) arguing that a taxpayer's income is excluded from taxation when the taxpayer rejects or renounces United States citizenship because the taxpayer is the citizen exclusively of a State; (2) arguing that one does not have to pay taxes because he is not an employee of the "Federal government" or a "business;" (3) arguing that a tax on earnings is a violation of the United States Constitution; and (4) altering a return or attaching documents to it.[1]

Courts have also determined a number of actions to be "frivolous." A party advances a frivolous action when they indicate that they had no income from wages on a return despite third-party documents indicating they did receive wages. *See Kelly v. United States*, 789 F.2d 94, 97 (1st Cir. 1986); *see also Turner v. United States*, 372 F. Supp. 2d 1053, 1060 (S.D. Ohio 2005); *Holker v. United States*, 737 F.2d 751, 753 (8th Cir. 1984). Reporting a reduction in income from a significant amount to zero is frivolous. *See Herip v. United States*, 106 Fed. Appx. 995, 999 (6th Cir. 2004). A party claiming they had no income because they are not engaged in corporate activity is frivolous. *See Cipolla v. I.R.S.*, 2003 WL 22952617, at *4 (E.D.N.Y. Nov. 5, 2003). Arguing that income tax is not

---

[1] IRS Notice 2007–30, *available at* http://www.irs.gov/pub/irs-drop/n-07-30.pdf.

applicable to private men is frivolous. *See United States v. Howard*, 2008 WL 4471333, at *11 (D. Ariz. June 25, 2008).

In this case, the IRS discovered Meuli's failure to file a proper tax return for 2002. Meuli attempted to rectify his failure by filing a Form 1040, including with it an affidavit. As an initial matter, Meuli's affidavit suggesting he could reduce or eliminate his tax liability was, itself, frivolous.[2] The affidavit also set forth numerous frivolous claims, as defined by the IRS and courts, including: (1) correcting his wages from $10,402 to $0; (2) claiming he is a citizen of Kansas, and not a citizen of any federal district; (3) claiming he is exempt from taxes as a private-sector individual; (4) claiming he has never been an employee that earned wages from an employer; (5) claiming he has never been engaged in a trade or business; (6) claiming he has never been a government agent, officer, or contractor; (7) claiming he has no federally connected earnings, privileges, or authority; and (8) arguing that any taxes on his earnings violate the United States Constitution.

Additionally, all of the claims in Meuli's complaint have been rejected as patently incorrect or frivolous by federal courts or the federal government, most of them overlapping with the assertions in his affidavit to the IRS. *See Lonsdale v. United States*, 919 F.2d 1440, 1447–48 (10th Cir. 1990) (holding that the Tenth Circuit has "made itself clear on these and similar issues numerous times" and the taxpayers "cannot by any stretch of the imagination assert that their arguments regarding the taxability of

---

[2]*See* IRS Notice 2007–30(17) *available at* http://www.irs.gov/pub/irs-drop/n-07-30.pdf (listing as a defined frivolous position a taxpayer's claim that they "may reduce or eliminate their Federal tax liability by altering a tax return, including striking out the penalty-of-perjury declaration, or attaching documents to the return, such as a disclaimer of liability, or similar arguments . . . .")

7

wages have any support in this circuit"); *see also Perkins v. C.I.R.*, 262 Fed. App'x 119 (11th Cir. 2008) (imposing sanctions for the frivolous argument the Secretary must personally notify a taxpayer that he is required to keep records, make statements, or file returns); *Lee v. C.I.R.*, 463 Fed. App'x 236 (5th Cir. 2012) (finding frivolous the arguments that the taxpayer was not a person subject to tax penalty or levy, and that she was not involved in a trade or business). Where a plaintiff claims "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," there is "no need to refute [these] arguments with somber reasoning and copious citation to precedent." *Crain v. Comm'r*, 737 F.2d 1417 (5th Cir. 1984) (dismissing the frivolous claims).

Accordingly, the civil penalty assessed by the IRS against Meuli in 2010 and 2011 were proper, and Meuli's challenges to the penalties are frivolous. The court grants the relief sought by the government, dismissing Meuli's claims that refer to the 2011 penalty and granting the government summary judgment on his claims that refer to the 2010 penalty.[3]

**III. Meuli's Motion for Default Judgment**

On September 23, 2013, Meuli filed a Motion for Default Judgment citing the government's failure to answer his Verified Complaint—filed on March 22, 2013—within the time required. *See* Dkt. 28. The motion lacks foundation.

---

[3]The court notes that Meuli was allowed to file an amended complaint. In his amended complaint, Meuli has added several statutes, apparently under the belief that they support a finding of jurisdiction. The court finds these amendments are immaterial to its analysis, as they do not cure Meuli's frivolous claims.

8

The "United States, [or] a United States agency . . . must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." FED. R. CIV. P. 12(a)(2). This court's order granting the Motion to Amend Plaintiff's Complaint was filed on August 12, 2013, giving the government until October 11, 2013 to respond. Meuli filed his Motion for Default Judgment well before the government's time to respond had run. The government filed its motion to dismiss before October 11, so it is not in default. *See* Rule 12(a)(4) (establishing that a Rule 12 motion tolls the time for the defendant to filed its response to the complaint). Accordingly, the court denies Meuli's motion for default judgment.

**IV. Meuli's Motion to Award Actual Damages and Court Costs**

On September 27, 2013, Meuli filed a Motion to Award Plaintiff Actual Damages and Court Costs and Such Other and Further Relief as the Court may Deem Just and for the Plaintiff's IMF Record to be Accurately Amended (Dkt. 34). As a result of the court's ruling on the government's motion, Meuli's motion is moot. The court denies the motion.

IT IS THEREFORE ORDERED this 9th day of December, 2013, that the government's Motion to Dismiss and for Summary Judgment (Dkt. 30) is granted. Plaintiff Gene E. Meuli's Motion for Default Judgment (Dkt. 28) and Motion for Actual Damages, Court Costs, and Further Relief (Dkt. 34) are denied.

s/J. Thomas Marten

J. THOMAS MARTEN, JUDGE